# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HUNT VALLEY PRESBYTERIAN CHURCH, INC. | : | |
| | : | |
| v. | : | Civil No. CCB-17-3686 |
| | : | |
| BALTIMORE COUNTY and BOARD OF APPEALS OF BALTIMORE COUNTY, MARYLAND | : | |

## MEMORANDUM

Hunt Valley Presbyterian Church, Inc. ("HVPC") filed this action against Baltimore County and Board of Appeals of Baltimore County, Maryland alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*; the Free Exercise Clause of the First Amendment pursuant to 42 U.S.C. § 1983; Article 36 of the Maryland Declaration of Rights; and for judicial review of an administrative decision. The defendants filed a motion to stay this action pending the outcome of related proceedings in state courts. (ECF No. 10.) The issues in this case have been fully briefed, and no oral argument is necessary. *See* Local R. 105.6. For the reasons stated below, the motion will be denied.

## BACKGROUND[1]

In 1992, HVPC purchased land at 13105 Beaver Dam Road in Cockeysville, Maryland on which it would construct a church. Since 1997, HVPC has rented space in a warehouse 0.2 miles away as a satellite campus for some of its activities, including middle and high school

---

[1] The facts contained herein are alleged in the complaint, unless otherwise noted.

1

ministries and their office space. HVPC's services were at or over capacity on Easter in 2017, demonstrating the need for a larger facility to accommodate the congregation.

When HVPC initially acquired the land at 13105 Beaver Dam Road, it was zoned to permit churches only by special exception. HVPC obtained a special exception with certain restrictions as to its use of the property, including limiting the size of the church it was permitted to build. Construction on this church was completed in 1998. In 2012, the land was rezoned to permit churches without special exception. In 2014, HVPC filed a request to amend its prior approved plan, but Baltimore County required the Church to file a new Development Plan instead. Local residents opposed HVPC's application. On March 15, 2016, an Administrative Law Judge issued a Combined Development Plan and Zoning Opinion. This decision was bifurcated by the Board of Appeals on appeal from the local residents opposing HVPC's expansion plans. The Development Plan was affirmed on August 25, 2016 by the Board of Appeals, and again by the Circuit Court of Baltimore County on July 18, 2017. The decision has been appealed by the opposing residents to the Maryland Court of Special Appeals, where it is currently pending.

The second half of the bifurcated case is an amendment to the initial Final Development Plan. On June 27, 2017, the Board of Appeals approved the amendments to the Final Development Plan with conditions to be determined at a later date. Those conditions were identified in an Opinion and Order issued on December 8, 2017, and include at least 30 days' advance notice of scheduled events held at the church; 48-hour notice of special events; certain storm water management requirements; and certain traffic control requirements including staggering services as much as 90 minutes apart.

On December 13, 2017, HVPC filed this suit seeking judicial review of the December 8, 2017, opinion and order, arguing that the imposed conditions burden its free exercise rights and violate RLUIPA. HVPC seeks declaratory and injunctive relief from these conditions, compensatory damages, and attorney's fees in this suit.

On January 5, 2018, those opposing HVPC's amendments filed a petition for review of the December 8, 2017 opinion and order in the Circuit Court for Baltimore County. (Mot. Stay at 4, ECF No. 10-1.) HVPC filed a cross-petition for judicial review in that case on January 29, 2018. (*Id.*) On March 7, 2018, that case was stayed pending the outcome of this case. (Mar. 7 2018 Order in Cir. Case No. 03-C-18-000166, ECF No. 13-1.)

On February 15, 2018, the defendants filed a motion to stay this case pending the outcomes of the appeal in the Maryland Court of Special Appeals and the petition and cross-petition for judicial review in the Circuit Court for Baltimore County. (ECF No. 10.) On March 1, 2018, HVPC filed its opposition. (ECF No. 11.) On March 12, 2018, HVPC notified the court that the petition for judicial review pending in the Circuit Court for Baltimore County had been stayed pending appeal of this case. (Letter, ECF No. 12.) On March 14, 2018, the defendants filed their reply in support of their motion and addressing the stay issued by the Circuit Court for Baltimore County. On April 13, 2018, HVPC also submitted as supplemental authority an opinion issued by Judge Hollander on March 30, 2018, in another suit in this district involving the same defendants and a similar issue. (Letter, ECF No. 15.)

## ANALYSIS

A court's authority to stay proceedings is incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The factors to consider when

3

deciding a motion to stay are: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party." *Davis v. Biomet Orthopedics, LLC*, No. JKB-12-3738, 2013 WL 682906, *1 (D. Md. Feb. 22, 2013).[2]

Judge Hollander is currently presiding over another case with similar issues involving the same defendants but regarding a different church's property. *Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland, et al.*, No. ELH-17-804. In deciding whether to abstain from ruling in that case on *Burford* grounds, she ultimately retained the RLUIPA and Free Exercise claims in that case, and dismissed the count requesting judicial review of a Board opinion without prejudice. *Hunt Valley Baptist Church*, 2017 WL 4801542 at *20 (D.Md. Oct. 24, 2017); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Judge Hollander also recently denied a motion to stay that case pending the outcome of a related state case. Memo., 4-5, ECF No. 41, *Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland, et al.*, ELH-17-804 (D. Md. Mar. 29, 2018).

The defendants argue that the underlying Board decisions at issue in this case are not sufficiently final for review in this court due to the pending Circuit Court and Court of Special Appeals cases. Relatedly, they argue that the factors identified in *Davis v. Biomet Orthopedics* weigh in their favor and that this case could become moot depending on the outcome of the Circuit Court and Court of Special Appeals cases. None of these arguments are persuasive.

The *Davis* factors weigh in favor of denying the motion to stay. As in *Hunt Valley Baptist Church*, the Circuit Court has already stayed the proceedings related to this case pending the outcome in federal court. Judicial economy would be best served by allowing this case to proceed so the exclusively federal claims can be addressed. Similarly, denying the motion to stay ensures that HVPC would not be prejudiced by stayed proceedings in both federal and state

---

[2] Unreported decisions are cited not for their precedential value, but for the soundness of their reasoning.

courts. As Judge Hollander noted in her memorandum, RLUIPA and First Amendment Free Exercise claims will not be litigated in the state court cases. *See* Memo., *Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland, et al.*, ELH-17-804 (D. Md. Mar. 29, 2018) at 5; *Hunt Valley*, 2017 WL 4801542 at *19 ("Moreover, the Fourth Circuit has declined to abstain from cases involving a 'valid claim of religious prejudice...'") (quoting *Pomponio,* 21 F.3d at 1328). Accordingly, waiting for a ruling in the state court proceedings will only delay resolution of the federal claims. Finally, as the state proceedings are presently stayed, there is no prejudice or hardship to the defendants by denying their motion to stay the federal claims in this case.

The defendants also argued that the decisions underlying this case are not sufficiently final for consideration in this court, citing *Guatay Christian Fellowship v. County of San Diego,* 670 F.3d 957 (9th Cir. 2011). Judge Hollander also cited this case, explaining that while exhaustion is not "required before pursuit of a claim under RLUIPA[, ...] courts have determined that there must be some degree of finality before a RLUIPA claim is ripe for review." *Hunt Valley*, 2017 WL 4801542 at *21. She ultimately concluded "The Church was not required to exhaust the County or State appellate process before pursuing its federal constitutional claims under § 1983, or its statutory claim under RLUIPA." *Id.* The same reasoning applies to this case. Importantly, this case is in a substantially different posture than *Guatay*. There, the plaintiffs had not filed a complete Use Permit application, so the potential issues were not sufficiently delineated for court consideration, nor had the County issued a final decision. *Id.* at 979-981. Here, several rounds of applications have been submitted, considered, and appealed through the County processes. The conditions HVPC is challenging are clearly laid out in the December 8, 2017, Opinion and Order for consideration by this court. The fact that those conditions may change in the future as a result of litigation in state court does not moot this

5

case at the present moment. The possibility of future mootness is not sufficient to overcome the strong presumption in favor of the federal court exercising its jurisdiction. *See McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992) ("Indeed, with regard to parallel state and federal proceedings, the Supreme Court has held, over and over, as have we, that in the usual case the federal courts *must* hear the cases that fall within their jurisdiction").

Additionally, the defendants make an argument that, pursuant to the *Colorado River* doctrine, HVPC's cross-petition for judicial review filed in the Circuit Court case has created a parallel state proceeding. "[U]nder the *Colorado River* doctrine, a federal court may abstain from exercising jurisdiction over a duplicative federal action for purposes of 'wise judicial administration.'" *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (quoting *Colorado River Water Conservation Dist. V. U.S.*, 424 U.S. 800, 818 (1976). The court's task "is not 'to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.'" *Id.* at 168 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr.Corp.*, 460 U.S. 1, 25-26 (1983)). "The threshold question in a *Colorado River* inquiry is whether the pending state and federal suits are parallel." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013). "State and federal actions are parallel 'if substantially the same parties litigate substantially the same issues in different forums.'" *Id.* (quoting *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005).

*Colorado River* does not apply to the present case because the state cases and this case are not parallel. The state case was initiated by the local residents who opposed the amendments to HVPC's Final Development Plan. They are not parties to this litigation. Additionally, the

parties in the state cases are not litigating substantially the same issues. The religious freedom arguments under RLUIPA and the Free Exercise clause are only raised in the federal court suit. They will not be resolved in any of the state court cases. Count III under Article 36 of the Maryland declaration of rights is also a religious freedom claim, so judicial economy supports it being litigated alongside Counts I and II. Therefore, this case will not be stayed on *Colorado River* grounds.[3]

## CONCLUSION

For the reasons stated above, the motion to stay will be denied.

A separate order follows.

_5/15/18_
Date

_CCB_
Catherine C. Blake
United States District Judge

---

[3] As noted earlier, Judge Hollander did find *Burford* abstention warranted for the claim requesting judicial review of the Board's opinion. *Hunt Valley Baptist Church, Inc.*, 2017 WL 4801542 at *20 ("[Judicial Review of zoning decisions] is a seminal example of the kind of claim that the *Burford* Court instructed lower federal courts to avoid, so as to prevent disruption of a state's efforts to establish a coherent policy as to a matter of substantial public concern"). That issue has not been raised, however, in the present case.